**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| **"Mike Pain,"** ) | |
| ) | |
| *Plaintiff,* ) | **CAFN:** _____ |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **The City of Norfolk; and** ) | |
| ) | |
| **Bernard Pishko,** *in his individual* ) | |
| *capacity; and* ) | |
| ) | |
| **Patrick Roberts,** *in his individual* ) | |
| *capacity***,** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## COMPLAINT
*(REDACTED)*

Plaintiff, **"Mike Pain"**, brings this civil rights action to challenge the City of Norfolk's unlawful suppression of core political speech at a public city council meeting and its subsequent manipulation of the public record to conceal criticism of police misconduct.

On February 10, 2026, Plaintiff and other citizens attempted to address serious allegations involving Norfolk police officers during the public comment period—a designated forum for community oversight and democratic participation.

- 1 -

Immediately before Plaintiff and similarly situated speakers approached the podium, senior City officials, including the City Attorney and City Manager, issued targeted, last-minute warnings that citizens "should not discuss personnel matters" and "could be sued for defamation." These warnings were not part of the published rules, were not issued to any other speakers, and were directed exclusively at individuals intending to speak about police misconduct.

The message was unmistakable: **speak against the police, and the City will punish you.**

The warnings chilled protected speech, deterred citizens from speaking, and constituted an unlawful prior restraint. After the meeting, the City compounded the constitutional violation by removing or materially editing the public comment portion from the version of the meeting posted on its website—scrubbing the very criticisms of police misconduct that Plaintiff and others had attempted to raise. This selective deletion of disfavored viewpoints from an official government record is a textbook example of viewpoint discrimination, censorship, and retaliatory suppression of speech in violation of the First Amendment.

The City of Norfolk's conduct reflects a deliberate policy of suppressing disfavored viewpoints, manipulating public records, and retaliating against

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

citizens who petition their government. These actions strike at the heart of the First Amendment and cannot stand.

Plaintiff brings this action to expose the City of Norfolk's unconstitutional practices, restore the integrity of the public record, and ensure that Norfolk residents can speak truthfully about police misconduct without being threatened, silenced, or erased.

Plaintiff also seeks damages for the harm caused by Defendants' actions, including the chilling of his speech, emotional distress, and the deprivation of his constitutional rights.

Plaintiff, proceeding under the pseudonym **"Mike Pain"** pursuant to a pending Motion for Leave to Proceed Under a Pseudonym, alleges as follows:

## PARTIES

1. Plaintiff, **"Mike Pain"** ("Plaintiff"), is a resident of the Commonwealth of Virginia. Plaintiff's legal name and identifying information have been submitted to the Court under seal.

2. Defendant, City of Norfolk ("Defendant City") is a municipal corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Norfolk, Virginia.

- 3 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

3. Defendant, Bernard Pishko ("Defendant Pishko") is a resident of the Commonwealth of Virginia and, at all times relevant, served as the City Attorney for the City of Norfolk.

4. Defendant, Patrick Roberts ("Defendant Roberts") is a resident of the Commonwealth of Virginia and, at all times relevant, served as the City Manager for the City of Norfolk.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. This Court has personal jurisdiction over Defendant City of Norfolk because it is a municipal corporation organized under the laws of Virginia with its principal place of business in Norfolk, Virginia.

7. This Court has personal jurisdiction over Defendant Bernard Pishko because he is a resident of Virginia.

8. This Court has personal jurisdiction over Defendant Patrick Roberts because he is a resident of Virginia.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because all defendants reside in Virginia, and a substantial part of the events giving rise

- 4 -

to the claims occurred in Norfolk, Virginia, which is within the Eastern District of Virginia.

## STATEMENT OF FACTS

10. On February 10, 2026, the Norfolk City Council held a formal session at which citizens were permitted to address the Council during a public comment period.

11. The public comment period at Norfolk City Council meetings constitutes a limited public forum under the First Amendment.

12. At the beginning of the meeting, the Clerk read rules governing public comment.

13. These rules addressed decorum, time limits (three minutes per speaker), directing remarks to the Council as a body, and prohibitions on profane, disruptive, sarcastic, or demeaning language.

14. The rules read aloud **did not** prohibit discussion of personnel matters.

15. The rules read aloud **did not** warn citizens about potential defamation liability.

16. Multiple citizens registered to speak during the public comment period.

17. At least 2 citizens, including Plaintiff, registered to speak about alleged police misconduct in the Norfolk Police Department.

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

18. Immediately before the final speakers-each intending to address alleged police misconduct-approached the podium, Defendants Pishko and Roberts issued a targeted warning.

19. Defendants Pishko and Roberts warned that citizens "should not discuss personnel issues."

20. Defendants Pishko and Roberts warned that citizens "could be sued for defamation."

21. These warnings were not part of the rules read aloud at the beginning of the meeting.

22. These warnings were not applied to any other speakers during the meeting.

23. These warnings were issued only to speakers who intended to address alleged police misconduct.

24. Plaintiff addressed the Council and spoke about alleged police misconduct, including specific allegations that officers were being paid while on administrative leave for alleged sexual assault, forcible sodomy, theft, and insubordination.

25. Multiple citizens, including Plaintiff, explicitly stated, during interviews after the City Council meeting that the warning was a "threat" intended to silence them.

- 6 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

26. Multiple citizens, including Plaintiff, explicitly stated, during interviews after the City Council meeting, that the City "tried to make sure we weren't going to speak."

27. Multiple citizens, including Plaintiff, during interviews after the City Council meeting, expressed fear of retaliation.

28. At least one speaker changed topics mid-speech in response to the warning.

29. The warnings had the effect of chilling protected speech.

30. After the meeting, the City removed or significantly edited the public comment portion from the version of the meeting posted on the City's website.

31. The edited version of the meeting eliminated the speakers' criticism of police misconduct.

32. The edited version of the meeting contrasts sharply with the unedited versions, demonstrating selective suppression of disfavored viewpoints.

33. The removal of public comments targeted only speakers criticizing police misconduct.

34. The City Attorney's warning that citizens "could be sued for defamation" is legally inaccurate because criticism of public officials is core protected speech, and public officials must prove actual malice to prevail in defamation actions.

- 7 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

35. The selective warnings and removal of comments reflect a policy or custom of the City of Norfolk to suppress criticism of police.

36. At all times relevant to this Complaint, Defendants acted under color of state law.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of First Amendment Right to Free Speech
Viewpoint Discrimination in Violation of
42 USCS § 1983**
*(against all defendants)*

37. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff engaged in protected speech.

39. Plaintiff spoke at a public city council meeting addressing alleged police misconduct, which is core protected speech under U.S. Const. amend. I.

40. Defendants took adverse action against Plaintiff based on the content or viewpoint of their speech.

41. Defendants Pishko and Roberts issued selective warnings only to speakers criticizing police misconduct, warning them not to discuss "personnel matters" and threatening defamation liability.

42. No other speakers received such warnings.

- 8 -

43. Defendant City of Norfolk subsequently removed or edited the public comment portion from the version of the meeting posted on its website, eliminating the speakers' criticism of police misconduct.

44. The adverse action would deter a person of ordinary firmness from engaging in protected speech.

45. The warnings and removal of comments targeted only speakers criticizing police misconduct, demonstrating viewpoint discrimination.

46. Defendants acted under color of state law.

**47.** All Defendants acted under color of state law as city officials performing their official duties.

## COUNT II

**Violation of First Amendment Right to Free Speech**
**Unlawful Prior Restraint in Violation of**
**42 USCS § 1983**
*(against defendants Bernard Pishko and Patrick Roberts)*

48. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. Defendants imposed a restraint on speech.

50. Defendant Pishko warned speakers immediately before they spoke that they "could be sued for defamation" if they discussed alleged police misconduct.

51. Defendant Roberts joined in issuing this warning.

52. The restraint was imposed prior to the speech.

- 9 -

53. This warning was issued immediately before the speakers approached the podium, constituting a prior restraint.

54. The restraint was not content-neutral.

55. The warning was not content-neutral because it targeted only speakers criticizing police misconduct.

56. The warning misrepresented the law of defamation, which requires public officials to prove actual malice.

57. Defendants acted under color of state law.

58. Defendants Pishko and Roberts acted under color of state law as city officials performing their official duties.

**COUNT III**
**Violation of First Amendment Right to Free Speech**
**Retaliatory Chilling of Speech in Violation of**
**42 USCS § 1983**
*(against all defendants)*

59. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60. Plaintiff engaged in protected speech.

61. Plaintiff spoke at a public city council meeting addressing alleged police misconduct, which is core protected speech.

62. Defendants took adverse action against Plaintiff.

- 10 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

63. Defendants Pishko and Roberts issued selective warnings only to speakers criticizing police misconduct, warning them not to discuss "personnel matters" and threatening defamation liability.

64. The adverse action would deter a person of ordinary firmness from engaging in protected speech.

65. Plaintiff considered the warning a "threat" intended to silence him

66. Defendants acted under color of state law.

67. All Defendants acted under color of state law as city officials performing their official duties.

68. The adverse action was motivated by Plaintiffs' protected speech.

69. The adverse action was motivated by the Plaintiffs' protected speech criticizing police misconduct, as evidenced by the selective nature of the warnings.

- 11 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

## COUNT IV
**Violation of First Amendment Right to Free Speech**
**Censure and Suppression of Public Comments in Violation of**
**42 USCS § 1983**
*(against defendant City of Norfolk)*

70. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. Defendant removed or altered disfavored viewpoints from a public forum or public record.

72. After the February 10, 2026, city council meeting, Defendant City of Norfolk removed or significantly edited the public comment portion from the version of the meeting posted on the City's website.

73. The edited version contrasts sharply with the unedited versions, demonstrating selective suppression of disfavored viewpoints.

74. The removal or alteration was motivated by the content or viewpoint of the speech.

75. The removal targeted only the speakers' criticism of police misconduct.

76. No other content was removed from the website version or the removal of other content was only a ruse.

77. This constitutes unlawful censure and manipulation of the public record.

78. Defendant acted under color of state law.

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

79. Defendant City of Norfolk acted under color of state law as a municipal entity performing governmental functions.

### COUNT V
**Violation of First Amendment Right to Petition for Redress of Grievances in Violation of**
**42 USCS § 1983**
*(against all defendants)*

80. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

81. Plaintiffs engaged in protected petitioning activity.

82. Plaintiffs spoke at a public city council meeting to petition the government for redress of grievances regarding alleged police misconduct.

83. Defendants took adverse action against Plaintiffs.

84. Defendants Pishko and Roberts issued selective warnings only to speakers petitioning about police misconduct, warning them not to discuss "personnel matters" and threatening defamation liability.

85. Defendant City of Norfolk subsequently removed the speakers' petitions from the official website version of the meeting.

86. The adverse action was motivated by Plaintiff's protected petitioning activity.

87. These actions were motivated by the speaker' protected petitioning activity, as evidenced by the selective nature of the warnings and removal.

- 13 -

88. Defendants acted under color of state law.

89. All Defendants acted under color of state law as city officials performing their official duties.

## COUNT VI
**Violation of Due Process**
**Deprivation of Liberty Interest Without Due Process in Violation of USCS Const. Amend. 14**
*(against defendants Bernard Pishko and Patrick Roberts)*

90. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

91. Plaintiff had a liberty interest protected by the Fourteenth Amendment.

92. Plaintiff had a liberty interest in exercising his First Amendment rights to free speech and petition.

93. Defendants deprived Plaintiff of that liberty interest.

94. Defendants Pishko and Roberts deprived Plaintiff of this liberty interest by issuing threats and warnings that chilled his speech.

95. The deprivation occurred without due process of law.

96. The deprivation occurred without any due process-the speakers, including Plaintiff, were not given notice of the alleged "personnel matter" restriction, were not given an opportunity to be heard, and were not given any procedural safeguards.

- 14 -

97. The threats were issued immediately before the speakers were to speak, providing no opportunity for due process.

98. Defendants acted under color of state law.

99. Defendants Pishko and Roberts acted under color of state law as city officials performing their official duties.

## COUNT VII
**Municipal Liability Under Monell Doctrine in Violation of
42 USCS § 1983**
*(against defendant City of Norfolk)*

100. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as I fully set forth herein.

101. Defendant is a municipal entity.

102. Defendant City of Norfolk is a municipal entity organized under the laws of Virginia.

103. The municipal entity had a policy or custom that resulted in the constitutional violation.

104. The City's actions-issuing selective warnings to speakers criticizing police misconduct and removing their comments from the official website-reflect a policy or custom of suppressing criticism of police.

105. The selective nature of the warnings and removal demonstrates that this was not an isolated incident but rather a pattern of conduct.

106. The policy or custom was the moving force behind the constitutional

- 15 -

violation.

107. The policy or custom was the moving force behind the constitutional violations suffered by Plaintiff.

108. Plaintiff suffered injury as a result.

109. Plaintiff suffered injury in the form of deprivation of his First Amendment rights, emotional distress, and reputational harm resulting from the suppression of their speech and the chilling effect of Defendants' warnings.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. A declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants' conduct violated Plaintiffs' First Amendment rights to free speech, petition for redress of grievances, and due process rights under the Fourteenth Amendment.

B. A declaratory judgment pursuant to 28 U.S.C. § 2201 that the selective warnings and removal of public comments from the City's website were unconstitutional viewpoint discrimination, unlawful prior restraint, and retaliatory chilling of protected speech.

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

C. A permanent injunction requiring Defendant City of Norfolk to restore the full, unedited public comment portion to the version of the February 10, 2026, city council meeting posted on the City's website.

D. A permanent injunction prohibiting Defendants from issuing selective warnings to speakers based on the content or viewpoint of their speech.

E. A permanent injunction requiring Defendant City of Norfolk to issue a public clarification affirming citizens' right to speak about police misconduct and other matters of public concern at city council meetings.

F. A permanent injunction requiring Defendant City of Norfolk to implement safeguards to prevent future censure or manipulation of public records, including training for city officials on First Amendment law, a policy requiring that all versions of city council meetings be preserved and made available to the public, a prohibition on removing or editing public comments from official records, and a procedure for reviewing any proposed removals or edits to ensure they are content-neutral and not motivated by viewpoint.

G. Compensatory damages against all Defendants for the deprivation of Plaintiff's First Amendment rights, emotional distress, and reputational harm resulting from the suppression of his speech and the chilling effect of Defendants' warnings, in an amount to be determined at trial.

- 17 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

H. Nominal damages against all Defendants in recognition of the violation of Plaintiff's constitutional rights.

I. Punitive damages against Defendants Bernard Pishko and Patrick Roberts in their individual capacities for willful and reckless disregard of Plaintiffs' constitutional rights, in an amount to be determined at trial.

J. Reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988.

K. All costs of litigation, including filing fees, service of process, court reporter fees, expert witness fees, and other costs incurred in prosecuting this action, pursuant to 28 U.S.C. § 1920.

L. Pre-judgment interest on all monetary awards from February 10, 2026, until the date of judgment, and post-judgment interest on all monetary awards from the date of judgment until the date of payment, calculated at the rate prescribed by law.

M. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Demands a Trial by Jury on all Issues so Triable.

Respectfully Submitted:  April 13, 2026,

**/s/ AMINA MATHENY-WILLARD**
Amina Matheny-Willard, Esquire
Va. Bar No.: 43566

- 18 -

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*

**AMINA MATHENY-WILLARD, PLLC**
Dominion Tower Building
[Downtown Norfolk / Waterside]
999 Waterside Drive, Suite #2525
Norfolk, Virginia 23510
DD.: (757) 652-6462
Tel.: (757) 777-3441
Fax: (757) 282-7808
Email: amina@aminalaw.com
Website: www.aminalaw.com
*Counsel for "Mike Pain"*

REDACTED COMPLAINT
*"Mike Pain" v. City of Norfolk, et al.*