UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

"MIKE PAIN,"

   Plaintiff,

v.              Civil No. 2:26cv372

THE CITY OF NORFOLK; BERNARD
PISHKO; and PATRICK ROBERTS,

   Defendants.

## ORDER

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the City of Norfolk and two individual city officials ("Defendants") deprived him of rights secured by the First and Fourteenth Amendments to the United States Constitution. See ECF No. 1. In his complaint, Plaintiff requests declaratory and injunctive relief and monetary damages. Id. at 16-18. Along with his complaint, Plaintiff has filed a motion for leave to proceed under a pseudonym and a motion to seal his "legal name and identifying details." ECF No. 5; ECF No. 6, at 1-2.

### A. DISCUSSION

Plaintiff wishes to proceed using the alias "Mike Pain," which he claims to have used publicly for three decades, "long before this lawsuit was contemplated." ECF No. 5-1, at 3. Plaintiff alleges that he and his family have already been "threatened,

harassed, and targeted because of his public identity as 'General Mike Pain.'" Id. at 4. The "pseudonym" under which Plaintiff proposes to litigate the case thus seems capable of affording him only an attenuated "degree of anonymity" compared to the more common and truly faceless fictious name "John Doe." Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014). Still, according to Plaintiff, "[p]ublic disclosure of [his] legal name in this lawsuit would immediately expose him and his family" to even greater danger than Plaintiff claims already to face. ECF No. 5-1, at 4-5.

Judicial proceedings are subject to a "general presumption of openness" rooted "both in common law and in the First Amendment." Doe v. Doe, 85 F.4th 206, 210 (4th Cir. 2023) (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). Since "[p]seudonymous litigation undermines the public's right of access to judicial proceedings," pseudonymity is permitted only in "extraordinary circumstances." Pub. Citizen, 749 F.3d at 273-74. A district court considering a request for pseudonymity must "balanc[e] the [moving] party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id. at 274. To guide district courts in determining whether there are "privacy or confidentiality concerns" at play that are "sufficiently critical" to warrant the "rare dispensation" of pseudonymity, the Fourth Circuit has "set out five nonexhaustive factors":

2

(1)   "[W]hether   the   justification   asserted   by   the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties";

(3) "the ages of the persons whose privacy interests are sought to be protected";

(4) "whether the action is against a governmental or private party"; and,

(5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

Doe v. Doe, 85 F.4th at 211 (quoting James, 6 F.3d at 238).

As the fourth and fifth of these factors suggest, "the legitimate interests on the other side" must be considered when conducting the "'particularized assessment of the equities' mandated by" Fourth Circuit precedent. Doe v. Sidar, 93 F.4th 241, 247-48 (4th Cir. 2024) (quoting James, 6 F.3d at 239). Naturally, a defendant's interests are "more difficult to assess" where "the defendant has not had the opportunity to express potential prejudice" or otherwise oppose the motion for pseudonymity. Doe v. Doe, 649 F. Supp. 3d 136, 141 (E.D.N.C.), aff'd, 85 F.4th 206 (4th Cir. 2023).

Here, Plaintiff contends, "[t]he risk of unfairness to Defendants is negligible" because "Defendants and their counsel will know Plaintiff's true identity." ECF No. 5-1, at 12. But

3

that will usually (if not always) be true in pseudonymous litigation and is therefore of limited relevance "to the required case-specific analysis" this Court must conduct. Doe v. Sidar, 93 F.4th at 248 (emphasis added); see, e.g., United States v. Microsoft Corp., 56 F.3d 1448, 1463-64 (D.C. Cir. 1995) ("We are not aware of any case in which a plaintiff was allowed to sue a defendant and still remain anonymous to that defendant.").

In addition, Defendant's knowledge of Plaintiff's identity would not necessarily exclude all potential "sources of significant unfairness or risk of prejudice," such as "difficulty and confusion . . . during discovery." Doe v. Doe, 649 F. Supp. 3d at 141; see also, e.g., Doe v. Fedcap Rehab. Servs., Inc., No. 17cv8220, 2018 WL 2021588, at *2-3 (S.D.N.Y. Apr. 27, 2018) (noting that the defendants invoked "three types of prejudice," including "the non-trivial cost of sealing or redacting court filings," the risk "that anonymity might allow Plaintiff to make accusations that they would not have made if their identity were publicly known," and the "imbalance" in "settlement leverage" that a plaintiff's "anonymity creates" vis-à-vis non-anonymous defendants).

The Court would thus "prefer[] to have the benefit of the defendants' views when resolving" Plaintiff's motions. Doe v. New York City Dep't of Hous. Pres. & Dev., No. 25cv8690, 2026 WL 963859, at *1 (S.D.N.Y. Apr. 9, 2026). Accordingly, the Court will defer

4

ruling on Plaintiff's motions until after Defendants have been served and permitted an opportunity to respond.

In the meantime, good cause exists to restrain Defendants from disseminating Plaintiff's "true identit[y]," to the extent it was unknown to Defendants "before this lawsuit was filed." Doe ex rel. Doe v. Mast, No. 24-1900, 2026 WL 1084445, at *6 (4th Cir. Apr. 22, 2026) (citing Seattle Times v. Rhinehart, 467 U.S. 20, 33 (1984)).

### B. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed under a pseudonym, ECF No. 5, and his motion to seal his true identity, ECF No. 6, are **TAKEN UNDER ADVISEMENT**. Plaintiff is **DIRECTED** to serve a copy of his complaint, his motion papers, and this Order on Defendants and to file a certificate of service once he has done so. Defendants shall respond to the motions, whether jointly or individually, within **FOURTEEN (14) days** of such service.

The Local Rules of this Court provide that any "document or portion of a document that is the subject of a motion to seal and any confidential memorandum submitted therewith will be treated as sealed pending a determination by the Court on the motion to seal." E.D. Va. Loc. Civ. R. 5(C). Consistent with this provision, Defendants are **ORDERED** not to disclose Plaintiff's legal name or

5

identifying information ascertained from such documents until the Court has ruled on the pending motions.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 12 , 2026

6