**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

"Mike Pain,"

      **Plaintiff,**

v.                                                                         **Civil Action No.: 2:26-cv-00372**

**THE CITY OF NORFOLK,**
**BERNARD PISHKO,** *in his individual capacity;*
*and* **PATRICK ROBERTS,** *in his individual capacity,*

      **Defendants.**

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED UNDER A PSEUDONYM AND MOTION TO SEAL
PLAINTIFF'S TRUE IDENTITY AND SUPPORTING DOCUMENTS**

**NOW COME** the Defendants, the City of Norfolk, Bernard Pishko, and Patrick Roberts,

by counsel, and hereby file their Memorandum in Response to Plaintiff's Motion for Leave to

Proceed Under a Pseudonym (ECF 5) and Motion to Seal Plaintiff's True Identity and Supporting

Documents (ECF 6) as directed in the Court's May 12, 2026 Order (ECF No. 12).

**PROCEDURAL BACKGROUND**

When Plaintiff filed this lawsuit against the City and other Defendants, he also filed

motions to proceed under a pseudonym and to seal his true identity (ECF 5,6). The Court took

these motions under advisement and ordered Plaintiff to serve those motions and related

documents upon the Defendants (ECF 12). In that same Order, the Court provided for the

Defendants to respond to the motions "jointly or individually" within fourteen days of service. The

City and individual Defendants had not been served with the Plaintiff's motions or the Court's

Order at the time of their first responsive pleadings to the Complaint, which they filed on May 13,

2026. The City and the individual Defendants reserved the right to challenge the motions to

proceed under a pseudonym and to seal Plaintiff's true identity. See ECF 17 at p. 1; ECF 19 at p.

1

1. The City was served with the motions on May 20, 2026, as directed by the Court's Order (ECF 22), and the City responds accordingly within the time set by the Court.

## FACTUAL ALLEGATIONS

Plaintiff "Mike Pain" challenges actions by the City of Norfolk and certain City officials during the public comment period of a February 10, 2026, Norfolk City Council meeting. Plaintiff alleges he and other citizens were permitted to address the City Council during the public comment period. ECF 1, ¶¶ 10, 24. Plaintiff alleges that prior to him delivering his public comments, then City Attorney Bernard Pishko and City Manager Patrick Roberts "warned that citizens 'should not discuss personnel issues'" and "warned that citizens 'could be sued for defamation.'" ECF 1, ¶ 19, 20. Despite these alleged "warnings," Plaintiff alleges he "addressed the Council and spoke about alleged police misconduct, including specific allegations that officers were being paid while on administrative leave for alleged sexual assault, forcible sodomy, theft, and insubordination." *Id.*, ¶ 24. The Complaint further alleges that the City "removed or significantly edited the public comment portion from the version of the meeting posted on the City's website" and that the "edited version of the meeting eliminated the speakers' criticism of police misconduct." *Id.*, ¶ 30-31. Pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims against the City under the First Amendment of the United States Constitution and claims against individual Defendants under the First and Fourteenth Amendments of the United States Constitution

In support of his motion to proceed under a pseudonym (ECF 6, hereinafter "Motion for Pseudonym"), Plaintiff alleges that he has used the pseudonym "Mike Pain" for decades for his "public-facing activism, media appearances, and organizational leadership," but because of his visibility long predating this litigation, he and his family "have repeatedly been the targets of threats of violence, harassment, and intimidation." ECF 5, pp. 2-3; ECF 5-1, pp. 3-4, 8. Despite

this apparent long history of threats, Plaintiff asserts that disclosing his legal name in this lawsuit would expose him and his children (of unspecified number, age, or residency) to ambiguously "heightened danger." ECF 5-1, pp. 4-5. Because Plaintiff's declaration was filed under seal as stated at ECF 5-1, p. 9, the Defendants have no information about the nature, cause, frequency, recency, severity, specificity, or imminence of any threats Plaintiff has allegedly received. He contends that "[d]isclosing Plaintiff's legal name on the public docket would create a direct, searchable link between his public persona and his private identity, dramatically escalating the risk to himself and his family." ECF No. 5-1, p. 9.

## ARGUMENT

### I.      Standard for Proceeding Under a Pseudonym

#### A.  Standard for Proceeding Under a Pseudonym Under *James v. Jacobson*

In *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), the Fourth Circuit articulated a five-factor test to employ when a party wishes to proceed under a pseudonym. The factors are as follows: "[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* at 238. No single factor is dispositive and it is up to the reviewing court to weigh each factor accordingly.

### II.     Plaintiff fails to satisfy each factor under *James v. Jacobson*

According to his Motion for Pseudonym, Plaintiff has used the pseudonym "Mike Pain"

3

for nearly thirty years and has "never used his legal name publicly." *See* ECF 5-1, p. 2. Plaintiff seeks to proceed under a pseudonym because the use of his legal name would "immediately endanger" Plaintiff and his family. *See* ECF 5-1, p. 2. Plaintiff states he receives death threats "on a near-daily basis through social media, email, phone calls, and in-person harassment." *See* ECF 5-1, p. 8.

Defendants are without information to dispute whether Plaintiff receives such threats, and must accept for purposes of argument only the general allegation that he receives threats of some form. Nonetheless, Defendants and the Court cannot ignore Plaintiff's own admission that, despite the use of the pseudonym "Mike Pain," Plaintiff still receives frequent threats. ██████████ ████████████████████████████████████████████████████. As a general matter, Plaintiff's admission that his pseudonym does not work to conceal his identity and protect his safety, and that he receives various threats wholly independent of this lawsuit, should be considered as the Court decides whether to grant Plaintiff leave to proceed under a pseudonym.

### A. Plaintiff fails to show the use of a pseudonym would preserve privacy in a matter of sensitive and highly personal nature

The nature of Plaintiff's claim does not rise to the level of "sensitive and highly personal" as required under the *James* factors. In *B.R. v. F.C.S.B.*, the nature of the claim related to a student's sexual assault at the hands of her classmates. *B.R. v. F.C.S.B.*, 2020 WL 12435689, at *3-7 (E.D. Va. 2020). In *Doe v. Virginia Polytechnic Institute, and State University*, the nature of the claim related to accusations against Plaintiff for sexual assault of another student. *Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *2 (W.D. Va. 2022). In *M.L. v. Bondi*, the nature of the claim related to a federal inmate's denial of medical care and physical and sexual assault while in federal custody. *M.L. v. Bondi,* 2025 WL 1296180, at *1 (W.D. Va. 2025). In *Doe v. Mast*, the nature of the claim related to a custody dispute of an Afghan orphan. *Doe v.*

*Mast*, 745 F.Supp.3d 399, 403—04 (W.D. Va. 2024).

In each of these cases, the Court ultimately allowed the requesting party to proceed under a pseudonym, in part due to the sensitive and highly personal nature of the claims. Each analysis focused on how the nature of the claims and dissemination of the requesting party's identity could lead to ridicule and harassment, psychological trauma, and risk of physical harm. *See Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *2; *see also M.L. v. Bondi*, 2025 WL 1296180, at *6; *see also Doe v. Mast*, 745 F. Supp. at 412.

In *Doe v. Pittsylvania County, Va.*, the Court ultimately rejected the Plaintiff's request to proceed under a pseudonym. *Doe v. Pittsylvania County, Va.*, 844 F.Supp.2d 724 (W.D. Va. 2012). Plaintiff filed an action challenging the practice of opening Board of Supervisors of county meetings with a Christian prayer. *Id.* at 727. The Court noted that while "religion is a 'quintessentially private matter,'" other factors outweighed the private nature of religion. *Id.* at 729.

Plaintiff's claim centers on perceived "censorship" of discussions of police personnel matters during a public comment period. Plaintiff alleges that he spoke about police misconduct at the meeting and that the version of the meeting posted on the City of Norfolk's website significantly edited his remarks. *See* ECF 1, p. 7. Plaintiff argues he should be allowed to proceed under a pseudonym, in part, because of the political nature of his claim. *See* ECF 5-1, p. 8—9. However, the facts of Plaintiff's claim are focused on events that occurred in a public forum that Plaintiff willingly participated in. Additionally, Plaintiff seeks to have the full, unedited recording of the meeting posted to the City's website, which would arguably give him more public exposure. *See* ECF No. 1, p. 17. Nothing about Plaintiff's claim or the relief he seeks relates to a private or

sensitive claim.[1] In fact, Plaintiff's claim and his desired relief relate to public matters, and Plaintiff admits he has spoken on such topics publicly before and seeks to have the unedited meeting posted online. *See* ECF No. 1, p. 17; ECF No. 5-1, p. 8. The relief Plaintiff seeks contradicts the reasons he puts forth for needing to proceed under a pseudonym. All this weighs against Plaintiff proceeding under a pseudonym under the first *James* factor.

Further, the Court has already identified another foundational problem with Plaintiff's arguments and request to proceed under a pseudonym. The Court noted that the "'pseudonym' under which Plaintiff proposes to litigate the case thus seems capable of affording him only an attenuated degree of anonymity compared to the more common and truly faceless fictitious name 'John Doe.'" ECF 12, p. 2. Plaintiff's proposed pseudonym affords neither anonymity nor protection from the threats he allegedly has already received for many years. Instead, Plaintiff attempts to have his cake and eat it too by creating and curating a highly public persona for his activism, and then forcing the Court and Defendants to litigate the case based only on his alternative reality, rather than simply proceed under his legal name.[2] ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and any purported protection he

---

[1] Plaintiff's argument under the first factor in *James* focused on personal safety and his belief that proceeding under a pseudonym is "not a litigation tactic—it is a survival necessity." ECF 5-1. However, Plaintiff fails to address the other element of the first *James* factor, the nature of his claim.

[2] To the extent there are legitimate security concerns around disclosing certain private information such as the home address of Plaintiff or his family members, or their personal telephone numbers, those concerns can be addressed through common and less drastic measures, such as protective orders, using redacted exhibits, or if necessary filing specific material under seal.

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

would achieve by concealing his legal name in this litigation is an illusion.

### B. Plaintiff fails to show that he or innocent non-parties would experience an increase in threats if he were not allowed to proceed under a pseudonym

Plaintiff states that both his children and close relatives have been "directly threatened, harassed, and targeted," due to Plaintiff's public activities. *See* ECF 5-1, p. 9. Plaintiff fails to provide any information that establishes the credibility of said threats and merely concludes that a lawsuit that proceeds without a pseudonym would lead to increased threats against his children and relatives. *See generally* ECF 5-1, pp. 9—10. As noted previously, Plaintiff acknowledges that he receives daily threats even when proceeding under the pseudonym he seeks to use here. *See* ECF 5-1, p. 8.  By Plaintiff's own admission, the pseudonym does not prevent him, nor his children and family, from receiving threats.

Courts have found that "fear of humiliation and embarrassment or the threat of economic harm" on its own, is not enough under the second factor to grant a party use of a pseudonym. *See Doe v. Pittsylvania Cty.*, 844 F.Supp.2d at 733. Additionally, this factor is focused on *retaliation* to the lawsuit; Plaintiff states that he has received near daily threats for years and it is unclear if Plaintiff would receive an increase in threats due to this lawsuit considering how frequently he already receives threats directed at him and his family. *See generally B.R. v. F.C.S.B.* 2020 WL12435689, at *25; *see also Doe v. Mast*, 745 F.Supp.3d at 409-411.

Ultimately, Defendants do not have the necessary information to assess the threats Plaintiff receives and defers to the Court's assessment of Plaintiff's declaration. Defendants still wish to highlight Plaintiff's own admission that the use of the pseudonym does not insulate him or his family from receiving threats.

### C. Plaintiff fails to show that the age of persons whom he seeks to protect necessitates the use of a pseudonym

Plaintiff argues that the record establishes his children and relatives also receive threats, which supports his request to proceed under a pseudonym. *See* ECF 5-1, p. 10. Noticeably absent from Plaintiff's motion is the age of his children; Defendants do not know this information and therefore cannot completely assess this factor based on the information provided in Plaintiff's motion. *See Id.* Courts' analysis of this factor is straightforward—the Court asks if there is a risk to privacy rights of a minor child. See *B.R .v. F.C.S.B.*, 2020 WL 12435689, at *25. If the requesting party is not a minor, the factor "weighs decidedly against anonymity." *Doe v. Pittsylvania* 844 F.Supp.2d 724, 729; *see generally M.L. v. Bondi*, 2025 WL 1296180, at *6; *Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *3.

Plaintiff filed this action, and the events at issue do not involve his children, as there are no allegations, for instance, that they were present at the City Council meeting, or were potential speakers at that meeting. Plaintiff also fails to identify in the information accessible to Defendants whether his children are minors. Finally, Plaintiff himself is not a minor. Therefore, Defendants argue this factor weighs against Plaintiff's request to proceed by a pseudonym.

### D.  Plaintiff filed his action against both governmental and private parties

Courts are more likely to allow a plaintiff to proceed under a pseudonym when the defendant is a governmental entity because there is not typically a reputational injury to the government. *See Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *3; *see also Doe v. Mast*, 745 F.Supp.3d at 412. However, suing the government is not dispositive as it relates to a plaintiff proceeding under a pseudonym. *See Doe v. Pittsylvania Cty.,* 844 F.Supp.2d at 730. Additionally, "'the more private parties (sued in their individual capacities), the more likely the courts [are] to find that [this factor weighs] against the plaintiff.'" *M.L. v. Bondi*, 2025 WL 1296180, at *7. In *Doe v. Virginia Polytechnic Institute, and State University*, the Court

found that this factor weighed neither for nor against the plaintiff's use of a pseudonym because while the plaintiff was suing individual defendants, it was only in their official capacity. 2022 WL 972629, at *3.

Here, Plaintiff has filed suit against The City of Norfolk, Bernard Pishko, and Patrick Roberts. Notably, Plaintiff has chosen to sue Defendants Pishko and Roberts in their *individual capacity* rather than their official capacity. *See* ECF 5. Mr. Pishko retired from the City of Norfolk before Plaintiff filed this lawsuit. While courts are more likely to allow a plaintiff to proceed under a pseudonym when a government is the defendant, private parties as defendants often weigh against use of a pseudonym. *See M.L. v. Bondi*, 2025 WL 1296180, at *7; *see also Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *3; *see also Doe v. Mast*, 745 F.Supp.3d at 412. Given the Defendants in this case include private individuals, this factor does not weigh heavily in favor of Plaintiff's use of a pseudonym. It is worth noting the asymmetric reputational impact on a party protected by a pseudonym of his own choosing, on the one hand, and the parties against whom he has filed a lawsuit, on the other, one of whom is now a private citizen with no active or official government role.

### E. Defendants would suffer unfairness by allowing Plaintiff's action to proceed against them under a pseudonym

Courts must also consider the impact of a plaintiff's pseudonym on other parties. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This consideration includes whether defendants are already aware of plaintiff's identity and logistical difficulties that can result from use of a pseudonym. *See Doe v. Virginia Polytechnic Institute, and State University*, 2022 WL 972629, at *3; *M.L. v. Bondi*, 2025 WL 1296180, at *7. Courts also consider the subject matter of the litigation and whether the plaintiff's identity is relevant to the issues. In *Doe v. Pittsylvania Cty.,* the Plaintiff sought to proceed under a pseudonym and her lawsuit focused on Board meetings beginning with

9

a Christian prayer. 844 F.Supp.2d at 731. The Court noted that "'any risk of unfairness is minimized when the 'issues raised are purely legal and do not depend on identifying the specific parties.''" *Id.* Defendants do not know for certain the true identity of Plaintiff and have no present way of verifying his identity. ██████████████████████████████████████

██████████████████████████████████

Further, in *M.L. v. Bondi,* the Court found this factor weighed against the request to proceed under a pseudonym because of potential difficulties and confusion related to discovery when there were multiple plaintiffs and voluminous discovery. 2025 WL 1296180, at *7.

Defendants argue that there are legitimate logistical issues that are specific to this case. Plaintiff has a legal name but publicly proceeds under a pseudonym. ████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████ There will be a heavy burden on Defendants during the discovery process should Plaintiff proceed under a pseudonym, and there will be an additional burden to the extent Defendants would have to follow sealing procedures for any subsequent filings with the Court. Therefore, this factor weighs against permitting Plaintiff to proceed under a pseudonym.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants City of Norfolk, Bernard Pishko, and Patrick Roberts by counsel, respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to Seal Plaintiff's True Identity (ECF Nos. 5 and 6), and for all such other relief this Court deems just and proper.

10

**THE CITY OF NORFOLK,**
**BERNARD PISHKO,**
**PATRICK ROBERTS**


_____/s/_____
Of Counsel

Karla J. Soloria, Deputy City Attorney (VSB No. 82674)
Kristopher R. McClellan, Deputy City Attorney (VSB No. 86424)
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, Virginia 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201
karla.soloria@norfolk.gov
kristopher.mcclellan@norfolk.gov
*Counsel for Defendant City of Norfolk*


## CERTIFICATE OF SERVICE

I hereby certify that on the day of June 3, 2026 I electronically filed the foregoing as a sealed filing event with the Clerk of Court using the CM/ECF system, which will notify the following:

Amina Matheny-Willard
AMINA MATHENY-WILLARD, PLLC
999 Waterside Drive, Suite #2525
Norfolk, Virginia 23510
Telephone:  (757) 777-3441
Facsimile:  (757) 282-7808
amina@aminalaw.com
*Counsel for Plaintiff*


_____/s/_____
Karla J. Soloria, Deputy City Attorney (VSB No. 82674)
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, Virginia 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201
Karla.soloria@norfolk.gov

11

*Counsel for Defendant City of Norfolk, Bernard Pishko, Patrick Roberts*