IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**"Mike Pain,"**
      **Plaintiff,**

**v.**

                                              **Civil Action No.: 2:26-cv-00372**

**THE CITY OF NORFOLK,**
**BERNARD PISHKO,** *in his individual capacity;*
*and* **PATRICK ROBERTS,** *in his individual capacity,*

      **Defendants.**

**ORDER**
**GRANTING DEFENDANTS' MOTION TO SEAL**

This matter is before the Court upon Defendants' Motion to Seal portions of Defendants' Memorandum in Response to Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to Seal True Identity and Supporting Documents ("Response"). Having considered the Motion to Seal and having determined that the redactions to Defendants' Response contain information Plaintiff seeks to have protected and for good cause shown, this Court makes the following findings of fact and conclusions of law.

1.    The Motion to Seal seeks to seal portions of Defendants' Response and the Exhibit thereto because they contain information Plaintiff seeks to have protected by proceeding under a pseudonym. Plaintiff's Motion for Leave to Proceed Under a Pseudonym (ECF 5) and Motion to Seal True Identity and Supporting Documents (ECF 6) are currently pending decision by the Court.

2.    Under *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), there are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of

a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008).

3.     Defendants filed a public notice of their Motion to Seal.  More than seven days have passed since the Motion to Seal and accompanying public notice was filed.  E.D. Va. L.R. 5(C).

4.     Defendants have filed a public, redacted version of the Response.

5.     The redacted portions of Defendants' Response contain information that the Court has ordered not be disclosed pending resolution of Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to Seal True Identity and Supporting Documents. ECF 12.

6.     The proposed redactions are a small portion of the overall material filed under seal. By seeking to seal only the limited portion of the Response, Defendants have employed all reasonable efforts to limit the materials sealed in connection with the underlying motion in compliance with the law of this Circuit and this Court.

7.     There are no less drastic alternatives to sealing the redacted material that would adequately shield the information at issue.

8.     The specific findings in this Order satisfy the third *Ashcraft* consideration.

9.     Maintaining the redacted material under seal pending resolution of Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to Seal True Identity and Supporting Documents is appropriate in light of the facts and circumstances of this particular case.

10.     The unredacted materials shall remain under seal pending resolution of Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to Seal True Identity and Supporting Documents.

Based on these findings of fact and conclusions of law, and for the reasons in Defendants'

Memorandum in Support of their Motion to Seal, Defendants' motion is GRANTED.   The

documents listed in Paragraph 1 of this Order shall be filed under seal, and shall remain under seal

pending resolution of Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Motion to

Seal True Identity and Supporting Documents.   The redacted versions shall remain on the public

docket.

_____/s/_____

Robert J. Krask

United States Magistrate Judge

Dated:   June 12, 2026

3