**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**"MIKE PAIN,"[1]**

**Plaintiff,**

**v.** **Civil No. 2:26cv372**

**THE CITY OF NORFOLK; BERNARD PISHKO; and PATRICK ROBERTS,**

**Defendants.**

**OPINION AND ORDER**

In this action, Plaintiff claims that the City of Norfolk, then-City Attorney Bernard Pishko, and then-City Manager Patrick Roberts (together, "Defendants") deprived him of rights secured by the First and Fourteenth Amendments to the United States Constitution in connection with public comments he made during a meeting of the Norfolk City Council. See ECF No. 1. Defendants seek to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 16-19; see Fed. R. Civ. P. 12(b)(1), (b)(6).

Because the facts and legal questions are adequately presented in the motions and subsequent briefs such that oral argument would

[1] Plaintiff, wishing to litigate under his public alias "Mike Pain," has moved to proceed pseudonymously and seal his "true identity." ECF Nos. 5, 6. On the current record, the Court seriously doubts that such an extraordinary measure is justified in this case. See ECF No. 12 (discussing principles applicable to requests for pseudonymity). But because the Court dismisses Plaintiff's complaint, this issue need not be resolved here.

not aid in the decisional process, the Court finds that a hearing is unnecessary. Fed. R. Civ. P. 78(b); Local Civ. R. 7(J). For the reasons explained herein, Defendant's motions to dismiss are **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motions to proceed under a pseudonym and to seal his true identity are **DENIED** as moot.

## I. BACKGROUND[2]

On February 10, 2026, the City of Norfolk convened a "public city council meeting" that included a "public comment period" during which "citizens were permitted to address the Council." ECF No. 1 ("Compl.") ¶¶ 10, 39. "At the beginning of the meeting, the Clerk read rules governing public comment," which "addressed decorum," imposed a three-minute time limit on each speaker, required speakers to "direct[] [their] remarks to the Council as a body," and prohibited "profane, disruptive, sarcastic, or demeaning language." Id. ¶¶ 12-13. These rules did not "prohibit discussion of personnel matters" or "warn citizens about potential defamation liability." Id. ¶¶ 14-15.

Among the citizens who "registered to speak during the public comment period," there were "[a]t least 2 citizens, including Plaintiff, registered to speak about alleged police misconduct."

---

[2] The allegations detailed here for purposes of deciding these motions to dismiss are taken from the complaint and do not represent factual findings by the Court. See Turner v. Thomas, 930 F.3d 640, 644 (4th Cir. 2019).

Id. ¶¶ 16-17. "Immediately before" these speakers "approached the podium," Mr. Pishko and Mr. Roberts "issued a targeted warning" that "citizens 'should not discuss personnel issues'" and "could be sued for defamation." Id. ¶¶ 18-20. "These warnings were not part of the rules" the Clerk had earlier read and "were issued only to speakers who intended to address alleged police misconduct." Id. ¶¶ 21-23. Notwithstanding these warnings, "Plaintiff addressed the Council and spoke about alleged police misconduct." Id. ¶ 24.

At some time after the meeting, "[m]ultiple citizens, including Plaintiff, explicitly stated" in "interviews" that "the warning was a 'threat' intended to silence them." Id. ¶ 25. Plaintiff and other citizens also "expressed fear of retaliation" and shared their view "that the City 'tried to make sure [they] weren't going to speak.'" Id. ¶ 26-27. Also after the meeting, "the City removed or significantly edited the public comment portion from the version of the meeting posted on the City's website," which "eliminated the speakers' criticism of police misconduct." Id. ¶¶ 30-31.

Plaintiff filed this suit on April 13, 2026, invoking the First and Fourteenth amendments and 42 U.S.C. § 1983. Id. ¶¶ 37-109. On May 13, 2026, the City of Norfolk and the individual Defendants moved to dismiss the complaint, arguing that this Court lacks subject-matter jurisdiction and that Plaintiff has in any case failed to state a claim upon which relief may be granted. ECF

Nos. 16-19. Plaintiff opposed the motions, ECF Nos. 21, 25-26, and Defendants replied, ECF Nos. 27-28. The motions are now ripe.

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Because "subject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court," any action from which such jurisdiction is absent must be dismissed. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)); Am. Fed'n of Gov't Emps. v. Off. of Special Couns., 1 F.4th 180, 182 (4th Cir. 2021); see also Fed. R. Civ. P. 12(b)(1). A defendant "may challenge subject matter jurisdiction" by "contend[ing] 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

One "threshold jurisdictional question" a defendant may raise pursuant to Rule 12(b)(1) concerns a plaintiff's "standing to maintain [a] suit." Steel Co., 523 U.S. at 102, 109 (citations omitted). Standing "consist[s] of three elements: 'injury in fact, causation, and redressability.'" First Choice Women's Res. Centers, Inc. v. Davenport, 146 S. Ct. 1114, 1121-22 (2026) (citation omitted). Requiring a plaintiff to demonstrate these elements helps courts "distinguish cases and controversies fit for

judicial resolution from questions of public policy reserved to the elected branches or abstract disputes better left to the debating hall." Id.

"Plaintiffs bear the burden of establishing standing." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 181 (4th Cir. 2013). When a defendant challenges a plaintiff's standing "on the pleadings," the Court must "accept as true all material allegations of the complaint and construe the complaint in favor of the [plaintiff]." Id. at 181-82 (citation omitted). But the Court "need not accept" conclusory allegations and may not rest its jurisdiction on mere speculation. Id. at 182 (citations omitted).

"[F]ederal courts generally must first resolve questions of jurisdiction." Khoshaba v. Stilwell, 749 F. Supp. 3d 572, 595 (E.D. Va. 2024). If in doing so the Court "rule[s] that it lacks subject-matter jurisdiction, it must dismiss the case" and "does not possess the power to adjudicate a Rule 12(b)(6) motion to dismiss for failure to state a claim." Lowy v. Daniel Def., LLC, 167 F.4th 175, 201-02 (4th Cir. 2026).

**B. Failure to State a Claim**

A defendant may move to dismiss a complaint, in whole or in part, based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). If a complaint does not "contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face,'" it must be dismissed. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (construing Fed. R. Civ. P. 8(a)(2)); see Turner v. Thomas, 930 F.3d 640, 644 (4th Cir. 2019). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," nor "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" suffice. Id. While the Court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the plaintiff," the Court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." Turner, 930 F.3d at 644 (citation omitted).

## III. DISCUSSION

### A. Subject-Matter Jurisdiction

Defendants challenge the Court's subject-matter jurisdiction on the grounds that Plaintiff "lacks standing to bring claims under the First Amendment" because he "has not alleged an injury-in-fact." ECF No. 17, at 6; accord ECF No. 19, at 4.

"An injury in fact" may "arise when a defendant burdens a plaintiff's constitutional rights," even if the defendant does not

cause "a tangible harm." First Choice, 146 S.Ct. at 1122. Still, "[t]o satisfy" the "injury-in-fact element" of standing requires "an injury that is concrete, particularized, and actual or imminent." Id. (citation omitted); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (defining an "injury in fact" as "an invasion of a legally protected interest which is" both "(a) concrete and particularized" and "(b) 'actual or imminent, not "conjectural" or "hypothetical"'" (citations omitted)).

Because standing is neither "dispensed" nor denied "in gross," a plaintiff may have standing to challenge one kind of "injurious conduct" even if he lacks "the necessary stake" to challenge a different form of conduct. Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996) (quoting Blum v. Yaretsky, 457 U.S. 991, 999 (1982)). As recounted above, Plaintiff here alleges two forms of injurious conduct: "selective warnings" prior to his public comments and discriminatory "remov[al] or edit[ing]" of such comments "from the version of the meeting posted on [the City's] website." Compl. ¶¶ 41-43. The Court considers each in turn.

**1. Selective Warnings**

Where a plaintiff invokes his First Amendment rights, an injury-in-fact "may be established" with a "sufficient showing of self-censorship which occurs when a claimant is chilled from exercising his right to free expression." Am. Fed'n of Gov't Emps., 1 F.4th at 187 (quoting Kenny v. Wilson, 885 F.3d 280, 288

(4th Cir. 2018)). For example, a plaintiff might claim that he "stopped engaging in speech because of" government warnings. Cooksey v. Futrell, 721 F.3d 226, 237 (4th Cir. 2013). This is a "'somewhat relax[ed]' injury-in-fact requirement," but it still demands "a sufficient showing of self-censorship" that is "objectively reasonable," Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump, 167 F.4th 86, 96-97 (4th Cir. 2026) (citation omitted), though "plaintiffs need not show that the government action led them to stop speaking 'altogether.'" Edgar v. Haines, 2 F.4th 298, 310 (4th Cir. 2021) (quoting Benham v. City of Charlotte, 635 F.3d 129, 135 (4th Cir. 2011)) (underscoring the plaintiffs' allegations that the challenged policies "caused them to write some pieces 'differently'" and led them to "decide[] not to write about certain topics").

In other words, "it is not enough to establish that a reasonable person could have engaged in self-censorship as a result of the [government] defendant's actions." Abbott v. Pastides, 900 F.3d 160, 171 (4th Cir. 2018). "Instead, the plaintiffs must show that the defendants actually caused the asserted First Amendment harm." Id. (citation omitted); see also Menders v. Loudoun Cnty. Sch. Bd., 65 F.4th 157, 164-65 (4th Cir. 2023) (requiring "a sufficient showing of self-censorship" to establish standing based on an alleged "chilling effect" (citations omitted)); Justice 360 v. Stirling, 42 F.4th 450, 458 n.6 (4th Cir. 2022) (suggesting

without deciding that the plaintiff had not established an injury in fact in connection with its First Amendment claims where the plaintiff did not "claim to have been hampered or forced to self-censor").

Against this doctrinal backdrop, the deficiency of Plaintiff's chilling-effect allegations is apparent. Prior to the alleged warnings, Plaintiff "registered to speak about alleged police misconduct in the Norfolk Police Department." Compl. ¶ 17. Then, following the warnings, "Plaintiff addressed the Council and spoke about" that very topic, including making "specific allegations that officers were being paid while on administrative leave for alleged sexual assault, forcible sodomy, theft, and insubordination." Id. ¶ 24. Thus, rather than pleading that Plaintiff engaged in the "self-censorship" necessary "for an injury-in-fact to lie," the complaint refutes that proposition. Haines, 2 F.4th at 310; Nat'l Ass'n of Diversity Officers, 167 F.4th at 96-97 (requiring "a sufficient showing of self-censorship" that is "objectively reasonable").

The complaint does attribute to "[m]ultiple citizens, including Plaintiff," the impression that "the City 'tried to make sure [they] weren't going to speak.'" Id. ¶ 26 (emphasis added). The complaint also alleges that the City actually succeeded in inducing "[a]t least one speaker" to "change[] topics mid-speech." Id. ¶ 28. But the complaint conspicuously fails to identify the

speaker in question as Plaintiff himself, id., leaving a gap that "[o]nly speculation," not reasonable inference, "can fill." McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 586 (4th Cir. 2015); see Broadlands, 713 F.3d at 181-82 (noting that courts are "powerless to create [their] own jurisdiction by embellishing otherwise deficient allegations of standing" (citation omitted)). Indeed, Plaintiff concedes in his briefing that his own "resolve was not broken" and that he "ultimately proceeded to speak." ECF No. 26, at 6-7.

Plaintiff may not claim injury in fact due to putatively chilling conduct that did not actually chill his speech.[3] Nat'l Ass'n of Diversity Officers, 167 F.4th at 96-97; Menders, 65 F.4th at 164-65. Nor may he rely on the chilling of another's speech; Plaintiff "may not seek redress for injuries done to others." Laird v. Tatum, 408 U.S. 1, 14 n.7 (1972) (citation omitted); accord Judson v. Bd. of Supervisors, No. 4:18cv121, 2019 WL 2558243, at *8-9 (E.D. Va. June 20, 2019).

Accordingly, as to Plaintiff's claims that depend on the alleged chilling effect of Defendants' warnings, Plaintiff fails to demonstrate standing. Counts II, III, and VI[4] are therefore

---

[3] Plaintiff supports his contrary view with a fabricated quotation, see ECF No. 26, at 6, which the Court will address though a separate Order.

[4] Although Count VI is labeled as a "Due Process" claim sounding in the Fourteenth Amendment, the crux of the claim is that Plaintiff was deprived of his "liberty interest in exercising his First Amendment rights" due to "threats and warnings that chilled his speech." Compl. ¶¶ 91-94.

**DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, as are the portions of Plaintiff's other claims premised upon the alleged selective warnings. See Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022) ("[A] dismissal for lack of standing . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (quoting Broadlands, 713 F.3d at 185)).

**2. Recording Removal**

In addition to his unavailing chilling-effect challenge to Defendants' alleged warnings, Plaintiff argues that he "has suffered a concrete, particularized injury through the City's alleged removal or material editing of the public comment portion from the posted meeting record." ECF No. 21-1, at 12; Compl. ¶¶ 30-33, 35. Plaintiff does not allege that any change to the publicly posted meeting recording chilled Plaintiff's expression or caused him to engage in "self-censorship." Justice 360, 42 F.4th at 458 n.6. Nor does Plaintiff allege that the editing or removal of the recording proscribes any "course of conduct" he intends to pursue in the future. Id.; see Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014). Plaintiff does, however, claim that the City's refusal to disseminate Plaintiff's message on the City's distribution channels was a viewpoint-discriminatory departure from the City's usual practice. See, e.g., Compl. ¶ 45.

Recent Fourth Circuit precedent constrains this Court to conclude that the City's alleged "removal of" Plaintiff's speech from the City's usual distribution channel "based on [Plaintiff's] viewpoint" constitutes "discriminatory treatment," which is "a harm that is sufficiently particular to qualify as an actual injury for standing purposes." S.C. State Conf. of the NAACP v. Weaver, 181 F.4th 353, 375 (4th Cir. 2026) (citation modified). Plaintiff therefore adequately alleges an injury-in-fact in Counts I, IV, V, and VII, to the extent such claims allege viewpoint-discriminatory removal of Plaintiff's public comments from the posted meeting record. Defendants raise no other challenge to the Court's subject-matter jurisdiction, so the Court proceeds to consider Defendants' other arguments for the dismissal of these claims.

**B. Failure to State a Claim**

Congress has provided that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Hunter v. Town of Mocksville, 897 F.3d 538, 553 (4th Cir. 2018) (quoting 42 U.S.C. § 1983). Counts I and V of Plaintiff's complaint each raise claims against the individual Defendants, Mr. Pishko and Mr. Roberts, pursuant to this statutory provision. Plaintiff

also asserts Section 1983 claims against the City of Norfolk in Counts I and V, as well as Counts IV and VII.

**1. Individual Defendants**

To prevail on a Section 1983 claim against an individual defendant, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citations omitted)); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("[A defendant] must have had personal knowledge of and involvement in the alleged deprivation of [a plaintiff's] rights in order to be liable.").

Here, Plaintiff fails to allege that either Mr. Pishko or Mr. Roberts was personally involved in editing or removing the recording of Plaintiff's public comments, which Plaintiff repeatedly attributes more generally to the City of Norfolk. See Compl. ¶ 30 ("After the meeting, the City removed or significantly edited the public comment portion from the version of the meeting posted on the City's website."); id. ¶ 43 ("Defendant City of Norfolk subsequently removed or edited the public comment portion from the version of the meeting posted on its website . . . ."); id. ¶ 85 ("Defendant City of Norfolk subsequently removed the

meeting."). Accordingly, Plaintiff's remaining claims against the individual Defendants, Counts I and V, are **DISMISSED**.[5]

**2. City of Norfolk**

Municipalities are also "among those persons to whom" Section 1983 applies. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). In order for a municipality to be held liable, the suit must concern either unconstitutional conduct that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the municipality's "officers" or "constitutional deprivations visited pursuant to" the municipality's informal "custom." Id. at 690-91. As the Fourth Circuit has explained, a "policy or custom for which a municipality may be held liable" can arise

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (citation omitted). On the other hand, a municipal entity "cannot be held liable solely because it employs a tortfeasor." Monell, 436 U.S. at 691; see Mullen v. Town of Sunset Beach, 175 F.4th 466, 472 (4th

[5] The Court "needn't reach qualified immunity because [Plaintiff] failed to state a claim." Stanley v. Bocock, 160 F.4th 573, 579 n.6 (4th Cir. 2025).

Cir. 2026) (explaining that, under Section 1983, municipalities "are not vicariously liable for constitutional violations caused by their employees" (citation omitted)).

Here, with respect to the claims that Plaintiff has standing to bring, the complaint fails to plausibly allege any "policy or custom for which" the City of Norfolk "may be held liable." Lytle, 326 F.3d at 471. At most, Plaintiff conclusorily asserts that such a policy or custom animated the conduct at issue, with little in the way of factual enhancement to render such assertions plausible. See Compl. ¶ 104 ("The City's actions – issuing selective warnings to speakers criticizing police misconduct and removing their comments from the official website – reflect a policy or custom of suppressing criticism of police."); id. ¶ 105 ("The selective nature of the warnings and removal demonstrates that this was not an isolated incident but rather a pattern of conduct."). For instance, Plaintiff identifies no "express policy" concerning the removal of certain public comments from online distribution. Lytle, 326 F.3d at 471. Nor does Plaintiff point to any other incidents involving similar conduct by City employees; he relies instead on alleged conduct "contemporaneous or subsequent" to the incident on which he premises his claim, which "cannot establish a pattern of violations" susceptible to municipal liability under Section 1983. Connick v. Thompson, 563 U.S. 51, 63 n.7 (2011) (citation omitted).

In short, Plaintiff's "mere conclusory statements" do not suffice to state a municipal-liability claim. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); Hardney v. City of Richmond, No. 3:25cv24, 2026 WL 782285, at *8 n.8 (E.D. Va. Mar. 19, 2026) (noting that the Rule 8 pleading standard applies even though a plaintiff may "lack[] specific details regarding the municipal actor's internal policies and training procedures before discovery" (citation omitted)). Plaintiff's remaining claims against the City of Norfolk, Counts I, IV, V, and VII, are therefore **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 16, 18, are **GRANTED**. Counts II, III, and VI are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, as are the portions of other counts premised upon the alleged selective warnings. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Because the complaint is dismissed in its entirety, Plaintiff's motions to proceed under a pseudonym and to seal his true identity, ECF Nos. 5, 6, are **DENIED** as moot. See Roe 1 v. Prince William Cnty., 525 F. Supp. 2d 799, 808 (E.D. Va. 2007). Documents currently under seal shall remain so. However, should Plaintiff elect to file an amended complaint, such complaint shall either (1) identify Plaintiff by his true name or (2) be accompanied

on the date of filing by renewed motions to seal and to proceed pseudonymously.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 1, 2026